# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

IDA L. PADILLOW,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-546-FHM

## OPINION AND ORDER

Plaintiff, Ida L. Padillow, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's October 18, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held April 17, 2009. By decision dated June 18, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 23, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 44 years old on the date of alleged onset of disability and 46 on the date of the ALJ's decision. She is a high school graduate and formerly worked as a property manager. She claims to have been unable to work since October 12, 2007, as a result of degenerative disc disease and related back pain, diastolic dysfunction, hypertension, carpel tunnel syndrome, hernia repair, knee pain, and obesity.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary work, except she cannot have constant use of the hands for repetitive work such as keyboarding. [Dkt. 16-2, p. 15]. Plaintiff's past relevant work was performed at the light exertional level and therefore she is unable to perform her past work. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with her RFC. The case was thus decided at step five of the five-step evaluative sequence for determining

whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Contentions**

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to properly consider all of the medical evidence and to consider the combined effects of her impairments; erred in making the credibility determination; erred in finding Plaintiff retains the residual functional capacity to perform medium work;[2] and erred in failing to fully develop the medical record. [Dkt. 18, pp. 4-5]. The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

**Analysis**

**Consideration of Plaintiff's Impairments**[3]

Anxiety and Depression

Plaintiff asserts that the ALJ failed to consider her history of depression and anxiety and disregarded these impairments without procuring a consultative mental examination. [Dkt. 18, p. 5]. Plaintiff did not allege anxiety or depression as a basis for disability in her application materials, or at the administrative hearing. Nor did she direct the Court to any

---

[2] The ALJ found that Plaintiff had the RFC for sedentary, not medium, work. The ALJ's RFC findings have been addressed in the context of Plaintiff's other contentions.

[3] Plaintiff's brief contains several assertions about the law followed by general statements that the ALJ's analysis fell short of the standard required. The Court has addressed only the arguments that Plaintiff developed by making some reference to the ALJ's decision.

3

where in the medical record where she was treated for such problems. The Commissioner noted several instances in the record where Plaintiff denied anxiety, and further that there is only one reference to anxiety in the record, [Dkt. 16-9, p. 18], and no treatment was prescribed for anxiety. [Dkt. 19, p. 9]. Plaintiff did not file a reply brief to contest these assertions. The Court notes that the entry concerning anxiety pre-dates the alleged onset date and reflects that Plaintiff was experiencing "constipation anxiety." [Dkt. 16-9, p. 18].

The Court finds that the ALJ did not fail to adequately develop the record regarding possible mental impairments and further there was no basis in the record to justify a consultative mental examination. "[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) The record in this case contains no evidence to suggest that a consultative examination would have produced material information. There is no direct conflict in the medical evidence requiring resolution; the medical evidence in the record is not inconclusive; and additional tests are not required to explain a diagnosis already contained in the record. *See Id. at* 1166.

## Obesity

Plaintiff argues that the ALJ failed to consider her obesity in formulating her RFC. Plaintiff also asserts that the ALJ erred in failing to have the vocational expert consider her obesity in rendering her opinion about Plaintiff's ability to work. [Dkt. 18, p. 6].

The Court finds that by limiting Plaintiff to sedentary work, the ALJ adequately considered the limitations supported in the record which were caused by Plaintiff's obesity.

4

Plaintiff has provided no support for the notion that obesity, or any condition, should be presented to the vocational expert for consideration. It is for the ALJ to determine from the record what a claimant is capable of doing. That determination is expressed in the RFC finding. The vocational expert testifies, based on his or her expertise, whether jobs exist that can be performed with the particular limitations that the ALJ found to exist, as expressed in the RFC.

## **Credibility**

Plaintiff argues that the ALJ disregarded her testimony concerning her pain, discomfort, and difficulty with blurred vision. The Court finds that in assessing Plaintiff's credibility the ALJ properly considered Plaintiff's activities, including her ability to work for three months since the alleged onset date performing tasks at the medium exertional level, such as picking up trash, repairing sheet rock, and painting. [Dkt. 16-2, p. 16]. The ALJ also considered the lack of effort Plaintiff expended to obtain pain relief, *Id*. at 16-17, the lack of documentation of functional limitations by her treating physicians, *Id*. at 17, and the objective findings documented by the consultative examiner, *Id*. at 17-18.

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). However, a credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (quotation omitted). Where a significant portion of the record evidence supports the testimony the ALJ must explain why he has determined that the testimony is not

5

credible. Standard boilerplate language will not suffice. *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001), *see also* SSR 967p, 1996 WL 374186, at *4 (stating that credibility determinations "must be grounded in the evidence and articulated in the determination or decision"). The ALJ's credibility determination in this case was grounded in the evidence and articulated in the decision.

The Court rejects Plaintiff's assertion that the case should be reversed because the ALJ disregarded her blurred vision. Plaintiff did not allege an inability to work due to blurred vision, nor did she mention blurred vision at the hearing. Further, to the extent the medical record records anything about her vision, it indicates that Plaintiff denied vision problems. [Dkt. 16-8, pp. 9, 29, 33].

## **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 20th day September, 2011.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE